```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CLARET CAPITAL NOMINEES, et al.,    :
                                    :
              Plaintiffs,            :    CIVIL ACTION
                                    :
     v.                              :    No. 09-cv-3532
                                    :
JOHN BENETT, et al.,                 :
                                    :
              Defendants.            :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                    **November 30, 2009**

This case is now before the Court on Defendants' Motion to Dismiss (Doc. No. 6) and Plaintiffs' Cross-Motion for Summary Judgment (Doc. No. 8). For the reasons set forth below, Defendants' Motion to Dismiss is DENIED, and we will decline to rule on Plaintiffs' Cross-Motion for Summary Judgment at this time.

**Factual Background**[1]

This is not the first visit to court for these parties. In 2008, Plaintiffs brought suit against Defendants in an attempt to collect damages of $11 million. That suit was settled for $5 million pursuant to a Settlement Agreement that was signed on December 15, 2008. At the same time, Defendants executed a

---

[1] In line with a Fed. R. Civ. P 12(b)(6) Motion to Dismiss, all factual allegations are viewed in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).

1

Promissory Note that established a schedule for Defendants to pay the amount due. Following the settlement, Defendants made arrangements to borrow money from the Wilmington Savings Fund Society, FSB ("WSFS") in order to pay Plaintiffs. On December 23, 2008, Plaintiff Claret Capital Nominees, Defendant Devon IT, Inc., and WSFS entered into an Intercreditor and Subordination Agreement ("ISA"). Under this contract, Plaintiff agreed to make its interest subordinate to WSFS's loan, both Plaintiff and WSFS agreed to notify the other if Defendant defaulted on its payments to either, WSFS was provided an option to cure any deficiency in Defendant's payments to Plaintiff, or, alternatively, to purchase Plaintiff's interest in the event of a default by Defendant, and Plaintiff was required to wait a period of sixty days following written notice of default to WSFS before pursuing any "enforcement remedies" against Defendant.

After Defendants made one payment according to the terms of the Settlement Agreement, they informed Plaintiffs that they would be unable to make the second scheduled payment on time. The parties then negotiated an Amended Settlement Agreement, which was signed on March 31, 2009. The Amended Settlement Agreement explicitly states that it "in no way modifies, amends, extends, discharges, terminates or waives any provision of the Security Agreement referenced in the Settlement Agreement; the [Promissory] Note; and/or the Intercreditor and Subordination

Agreement." (Ex. B to Defs.' Mot. to Dismiss at 2.) Defendants again made their first payment under the Amended Settlement Agreement, but did not make any subsequent payments. Due to an acceleration clause in the Amended Settlement Agreement, Defendants currently owe Plaintiffs $3,449,000.

Plaintiffs filed suit on August 3, 2009. On September 2, 2009, Plaintiffs sent written notice of Defendants' default to WSFS. Defendants claim that this notice was a condition precedent for seeking an enforcement remedy, and that filing a suit to recover for breach of contract constitutes an enforcement remedy. They, therefore, request that this Court dismiss Plaintiffs' suit as premature. Plaintiffs contest this argument on numerous grounds: first, they claim that the ISA was not incorporated into the Settlement Agreement or the Amended Settlement Agreement and, therefore, cannot provide a condition precedent to recovery under these contracts; second, Plaintiffs note that even if written notice to WSFS was a condition precedent, this is an affirmative defense and not something that can be raised by a 12(b)(6) challenge; third, Plaintiffs allege that Defendants lack standing to challenge the failure to follow the condition because the condition was for the benefit of WSFS; and, finally, Plaintiffs allege that this argument is moot, as sixty days have now passed since WSFS received notice and WSFS has made clear that it does not intend to cure Defendants'

3

default or exercise its option.

Plaintiffs further assert that because Defendants attached the ISA, which is outside the scope of Plaintiffs' Complaint, to their Motion to Dismiss, this Motion should be considered a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(d). Plaintiffs, therefore, filed a Cross-Motion for Summary Judgment as permitted by Federal Rule of Civil Procedure 56(a)(2). Defendants, however, contest this characterization of their filing, and maintain that the ISA that is attached to their Motion to Dismiss forms the basis for Plaintiffs' Complaint, and, therefore, is properly before this Court on their Motion to Dismiss.

## **Standard**

Federal Rule of Civil Procedure 12(b)(6) requires a court to dismiss a complaint if the plaintiff has failed to "state a claim on which relief can be granted." In evaluating a motion to dismiss, the court must take all well-pleaded factual allegations as true, but it is not required to blindly accept "a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 283, 286 (1986). Although a plaintiff is not required to plead detailed factual allegations, the complaint must include enough facts to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

4

Under Federal Rule of Civil Procedure 12(d), when a party presents matters outside of the pleadings along with a motion to dismiss, the filing is treated as a motion for summary judgment and governed by Federal Rule of Civil Procedure 56. This is true unless the document is "undisputedly authentic" and the "plaintiff's claims are based on the document." <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). Importantly, however, the Court is not required to accept the matters outside the pleadings. Rather, the district court has the discretion to confine its ruling to the complaint and the motion to dismiss, and if the trial judge chooses to rule on the motion to dismiss without consideration of the additional matters presented, Rule 12(d) does not apply. <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1462 (3d Cir. 1992); <u>see also</u> Fed. R. Civ. P. 12(d) (providing that a motion to dismiss is converted into a motion for summary judgment only if "matters outside the pleadings are presented to and not excluded by the court").

If the Motion to Dismiss is converted into a Motion for Summary Judgment, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. In making a summary

5

judgment determination, all inferences must be viewed in the light most favorable to the non-moving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). In order to survive a motion for summary judgment, the non-moving party cannot rely solely on the unsupported allegations found in the pleadings. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). Instead, the non-moving party must raise more than "some metaphysical doubt" as to a material fact. <u>Matsushita</u>, 475 U.S. at 586. In making a decision as to whether there is a "genuine" issue of fact, the court must determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).

## Discussion

**Rule 12(d)**

As an initial matter, this Court must determine whether the ISA constitutes "matter outside the pleadings" that would convert Defendants' Motion to Dismiss into a Motion for Summary Judgment if considered by this Court. In order to make such a determination, we must examine the contents of the ISA and its relation to the Settlement Agreement and the Amended Settlement Agreement. Plaintiffs' Complaint is based on the Settlement Agreements, and Plaintiffs do not dispute the authenticity of the ISA. To the extent that the ISA is part of the Settlement

Agreements, therefore, the ISA would not constitute matter outside the pleadings and consideration of the ISA would not implicate Rule 12(d). If, however, the ISA is separate from the Settlement Agreements, it would constitute matter outside the pleadings, and this Court would have to determine whether it wishes to consider this additional information and thereby convert Defendants' Motion to Dismiss into a Motion for Summary Judgment.

A close look at the Settlement Agreement, the Amended Settlement Agreement, and the ISA reveals that the ISA is not incorporated into either of the Settlement Agreements, but, instead, is a separate contract. First, nowhere in the ISA do the parties state or even imply that it is to be incorporated into the existing Settlement Agreement. Nor does an intent to incorporate the ISA appear in the Amended Settlement Agreement. Although the Amended Settlement Agreement does state that it in no way modifies or alters the ISA, this is not sufficient to incorporate all of the terms from this ancillary agreement into the Amended Settlement Agreement. Under Pennsylvania contract law,[2] contracts are to be interpreted according to the plain meaning of the language when the language is unambiguous. <u>Seven Springs Farm, Inc. v. Croker</u>, 748 A.2d 740, 744 (Pa. Super. Ct. 2000). This Court cannot accept the argument that the plain

---

[2] As discussed more fully in the following section, Pennsylvania contract law governs the present dispute.

meaning of a statement that the Amended Settlement Agreement does not alter the ISA is that the Amended Settlement Agreement incorporates the ISA. Nor can we accept the argument that a statement incorporating the Amended Settlement Agreement into the ISA also incorporates the ISA into the Amended Settlement Agreement. The plain, unambiguous meaning of the language of the Settlement Agreements and the ISA leads this Court to conclude that the ISA is not incorporated into the Settlement Agreements, but, rather, is a separate contract.

This interpretation is reinforced by the difference in the nature of the Settlement Agreements and the ISA. The Settlement Agreements are both contracts between Plaintiffs and Defendants that relate to money owed to Plaintiffs pursuant to a previous settlement. The ISA, however, is between one of the Plaintiffs, one of the Defendants, and WSFS, and explicitly states that it is entered "to and for the benefit of [WSFS]." (Ex. A to Defs.' Mot. to Dismiss at 1.) The ISA did not alter the obligations of Plaintiffs and Defendants vis-à-vis each other, but rather established a contractual relationship between two of the parties to this litigation and a third-party lender. In other words, the Settlement Agreements and the ISA deal with two separate and distinct issues. We take no position on whether Plaintiffs breached the ISA by filing this suit; this is simply irrelevant to whether Plaintiffs can bring suit under the Amended Settlement

Agreement. These are separate contracts with separate parties and purposes. We are left with no conclusion other than that the ISA is not a part of the basis of Plaintiffs' Complaint, and that it constitutes "matter outside the pleadings" for the purposes of Rule 12(d).

Given that the ISA constitutes matter outside the pleadings, we next must determine whether to accept this additional information and thereby turn Defendants' 12(b)(6) Motion to Dismiss into a Motion for Summary Judgment. The circumstances of this case strongly support excluding the ISA. First, it was clearly not Defendants' intention to submit a Motion for Summary Judgment. As the ISA was closely related to the pleadings and Defendants strenuously argued that it was part of the Settlement Agreements, the mindset of Defendants when submitting it should carry at least some weight, and Plaintiffs should not be permitted to capitalize on Defendants' mistaken belief that the ISA provided the basis for Plaintiffs' Complaint. Further, although this is likely not a case in which a great deal of discovery will be necessary, courts generally decline to turn a motion to dismiss into a summary judgment motion when there has been little or no discovery up to that point. <u>Brennan v. Nat'l Tel. Directory Corp.</u>, 850 F. Supp. 331, 335 (E.D. Pa. 1994). As, to this Court's knowledge, there has not yet been any discovery, this also weighs against converting the Motion to Dismiss into a

Motion for Summary Judgment. Finally, Defendants' challenge to Plaintiffs' Complaint is for failing to state a claim on which relief can be granted. The Court can examine the sufficiency of Plaintiffs' Complaint without considering the ISA, especially since we have already concluded that the ISA is a separate and distinct contract from the one under which Plaintiffs bring suit. In the present case, we do not think that it would be appropriate to view Defendants' Motion to Dismiss as a Motion for Summary Judgment, and we will, therefore, decline to consider the ISA when evaluating Defendants' Motion to Dismiss.

**Defendants' Motion to Dismiss**

Defendants urge this Court to dismiss Plaintiffs' breach of contract action for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). As Plaintiffs have adequately stated a claim, this request will be denied.

As an initial matter, Pennsylvania law will apply to the interpretation of the Settlement Agreement and the Amended Settlement Agreement. As this court has jurisdiction due to diversity of citizenship, we are bound to use Pennsylvania's choice-of-law rules to determine which law to apply when interpreting the contract. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) (requiring a federal court sitting in diversity to apply the choice-of-law rules of the state in

which the court is located). Under Pennsylvania choice of law for contract disputes, the parties' choice of law will control as long as the "transaction bears a reasonable relation" to that jurisdiction. 13 Pa. Cons. Stat. Ann. § 1105(a) (West 1999); see also Nationwide Mutual Ins. Co. v. West, 807 A.2d 916, 920 (Pa. Super. Ct. 2002). In this instance, the parties specified that Pennsylvania law would apply. As at least one of the parties to the Settlement Agreement, Devon IT, Inc., is a Pennsylvania corporation, the transaction has a reasonable relation to the Commonwealth of Pennsylvania, and, therefore, the parties' choice of Pennsylvania law will be honored.

To state a claim for breach of contract, the plaintiff must demonstrate the existence of a contract, a breach of that contract, and damages resulting from the alleged breach. Galko v. Harleysville Pennland Ins. Co., 71 Pa. D. & C.4th 236, 253 (Pa. C.P. Lackawanna County 2005). An enforceable contract requires a mutual agreement between the parties, the exchange of consideration, and that the agreement's terms are delineated with a sufficient degree of clarity. Weavertown Transp. Leasing, Inc. v. Moran, 834 A.2d 1169, 1172 (Pa. Super. Ct. 2003).

Plaintiffs' Complaint is clearly sufficient to meet these requirements. First, Plaintiffs allege the existence of a contract and attach the Settlement Agreement and Amended Settlement Agreement to their Complaint. The contract is signed

11

by both parties, which evidences a mutual agreement.  In
addition, it involves a bargained-for exchange, with Plaintiffs
agreeing to forfeit their right to pursue damages in court in
exchange for Defendants' agreement to pay $5 million.  Further,
the terms of the contract are clearly articulated, completing the
requirements for establishing the existence of a contract.  As to
the second element of a breach of contract claim, Plaintiffs
allege that Defendants breached the Amended Settlement Agreement
when they did not pay the $1,448,950 due by June 30, 2009.
Finally, the Complaint stated that the Plaintiffs were damaged by
not receiving this payment, and that they were further damaged in
that they had not received the $3,449,000 owing to them as a
result of Defendants' default and the acceleration clause in the
contract.  This is sufficient to state a claim for breach of
contract.

In their Motion to Dismiss, Defendants argue that Plaintiffs
do not set forth all of the elements required to state a breach
of contract as they have not pled that all conditions precedent
were fulfilled.  In support of this assertion they cite <u>Chemtech
International, Inc. v. Chemical Injection Technologies, Inc.</u>, 247
F. App'x 403 (3d Cir. 2007), and <u>Jennison v. Aacher</u>, 193 A.2d 769
(Pa. Super. Ct. 1963).  A condition precedent is defined as "[a]n
act or event, other than a lapse of time, that must exist or
occur before a duty to perform something promised arises."

Black's Law Dictionary (8th ed. 2004). In the present case, there was no event that needed to occur before Defendants had a duty to perform under the Settlement Agreements. This case, therefore, is distinguishable from those cited by Defendants, and does not require this Court to dismiss Plaintiffs' action. The only source for any possible condition precedent is the Intercreditor and Subordination Agreement, and, to the extent that the ISA is applicable to the present controversy, it does not provide a condition precedent in the sense that this term is generally used. The alleged condition precedent contained in the ISA was not triggered until after Defendants' breach, it did not have any impact on Defendants' duty to perform under the Settlement Agreements, and Plaintiffs' failure to abide by the ISA did not excuse Defendants' breach of the Settlement Agreements. At this juncture, Defendants do not contest that they had a duty to pay Plaintiffs and that when they failed to do so, they breached the contract. Whether Plaintiffs breached a separate contract in filing this suit does not have any bearing on whether Plaintiffs have adequately stated a claim for breach of the Settlement Agreements. The Settlement Agreements did not contain any conditions precedent that were required to occur before Defendants' duty to perform arose. Plaintiffs, therefore, were not required to plead the satisfaction of any conditions precedent in order to state a claim on which relief can be

granted.

It is possible, however, that the ISA provides an affirmative defense that prevents Defendants from being liable at this point for any damages flowing from the alleged breach, and that could allow this Court to grant Defendants' Motion to Dismiss.  As a general matter, affirmative defenses must be asserted in a defendant's answer to the complaint.  Fed. R. Civ. P. 12(b).  Courts, however, have allowed defendants to assert affirmative defenses such as the statute of frauds, ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994), statute of limitations, Davis v. Grusemeyer, 996 F.2d 617, 623 (3d Cir. 1993), and res judicata, Williams v. Murdoch, 330 F.2d 745, 749 (3d Cir. 1964), by way of a Motion to Dismiss.  This is generally only permissible when the affirmative defense appears on the face of the complaint.  ALA, Inc., 29 F.3d at 859.  When facts or matters outside of the complaint are necessary to establish the affirmative defense, raising it under Rule 12(b)(6) is usually not permitted.  See Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 657 (3d Cir. 2003).  Given that the alleged notice requirement is contained in the ISA, which this Court has already determined constitutes matter outside the pleadings, it is not an affirmative defense that can properly be considered in a Rule 12(b)(6) Motion.  Instead, to the extent that it is relevant, it should be raised as an affirmative defense in Defendants' Answer.

14

Plaintiffs have adequately stated a claim on which relief can be granted for breach of contract. Although Defendants may possess a valid affirmative defense to this claim, it is not one that can be raised through a Motion to Dismiss under Rule 12(b)(6), and, therefore, cannot provide a ground for this Court to dismiss Plaintiffs' Complaint.

**Plaintiffs' Motion for Summary Judgment**

In addition to responding to Defendants' Motion to Dismiss, Plaintiffs cross-filed for Summary Judgment. Plaintiffs claim that Rule 56 allows them to do this both because Defendants' Motion to Dismiss was actually a Motion for Summary Judgment, which entitled them to file under Rule 56(a)(2), and because it has been more than twenty days since the commencement of the action, which entitled them to file under Rule 56(a)(1). Although this Court decided not to treat Defendants' filing as a Motion for Summary Judgment, this does not preclude Plaintiffs from filing for Summary Judgment under Rule 56(a)(1). This action was commenced on August 3, 2009, and Plaintiffs' Motion for Summary Judgment was filed on October 19, 2009, which is well over the twenty-day period provided in Rule 56. Further, although this Court does have the power to continue Plaintiffs' Motion for Summary Judgment, this is generally only done in cases where Defendants have not yet had an opportunity to conduct needed discovery. See, e.g., Doe v. Abington Friends School, 480

15

F.3d 252, 255-56 (3d Cir. 2007); see also Fed. R. Civ. P. 56(f)(2) (allowing a continuance to be granted to permit additional discovery). As this is a relatively straightforward breach of contract case, a significant discovery period would not be expected. Unless established to the contrary, therefore, we do not see any reason to continue Plaintiffs' Motion for Summary Judgment.

This Court, however, cannot grant Plaintiffs' Motion for Summary Judgment as unopposed. Local R. Civ. P. 7.1©. Given this fact, and given that, to this point, Defendants have contested the procedural propriety of Plaintiffs' Motion for Summary Judgment and not the merits of this Motion, we do not think that it would be fair or efficient to deny Defendants an opportunity to respond to Plaintiffs' Motion. Defendants will, therefore, be given fourteen days to respond to Plaintiffs' Motion for Summary Judgment before this Court rules on the merits of the Motion.

### Conclusion

Defendants' Motion to Dismiss, although containing matters outside the pleadings, can still be treated as a Motion to Dismiss so long as this Court excludes the additional material introduced by Defendants. After considering Defendants' Motion to Dismiss without the attached ISA, the Motion is denied for the reasons stated above. Further, Plaintiffs' Motion for Summary

Judgment was properly filed pursuant to Federal Rule of Civil Procedure 56(a)(1).  This Court, however, will decline to rule on the merits of the Motion at this juncture, and will provide Defendants with an opportunity to respond.